**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JUSTIN M. GUZMAN,** | |
| Plaintiff, | |
| v. | Removed from the State of Illinois Circuit Court of Cook County, Case No. 2023L011507 |
| **WHOLE FOODS MARKET GROUP, INC.,** | |
| Defendant. | |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332(A)(1)

WHOLE FOODS MARKET GROUP, INC., ("Whole Foods" or "Defendant") by and through its attorneys, Littler Mendelson, P.C., hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action is removable under 28 U.S.C. §§ 1441 and 1446. In support of their Notice of Removal, Defendant states the following:

### *The State Court Action*

1. On November 15, 2023, Plaintiff Justin M. Guzman ("Plaintiff") filed a Complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division, captioned *Justin M. Guzman v. Whole Foods Market Group, Inc.*, Case No. 2023-L-011507. The Complaint was filed against "Whole Foods Market Group, Inc." only, and alleges violations of the Illinois Whistleblower Act under 740 ILCS 174, 740 ILCS 174/15, and 740 ILCS 174/20.1.

2.      Defendant was served with a copy of the Summons and Complaint on November 30, 2023. This was Defendant's first formal notice of the Action. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Whole Foods, including a copy of the Summons and Complaint, are attached as **Exhibit 1**. No other process, pleadings or orders related to this Action have been served on Defendant.

### Timeliness

3.      Defendant was served with a copy of the Summons and Amended Complaint on November 30, 2023. This Notice of Removal is timely filed within 30 days of the date of service, in accordance with 28 U.S.C. § 1446(b).

### Jurisdiction and Venue

4.      Because the Circuit Court of Cook County lies in the Northern District of Illinois, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

5.      As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(a)(1) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

### Diversity of Citizenship

6.      The parties to this Action are diverse because they are citizens of different states.

7.      **Plaintiff's Citizenship.** For purposes of diversity, an individual is a citizen of the state in which he or she is domiciled. *Strabala v. Zhang*, 318 F.R.D. 81, 97 (N.D. Ill. 2016). A person's domicile is the place where he or she is physically present and intends to make his or her home, at least for the time being. *See Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980). For purposes of diversity jurisdiction, citizenship is determined at the time the suit is filed. *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012).

8. As set forth in his Complaint, Plaintiff was domiciled in Illinois, and he is, therefore, a citizen of Illinois. (Compl., ¶ 4.)

9. **Defendant's Citizenship.** Corporations are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business. *Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990).

10. Whole Foods Market Group, Inc. is incorporated under the laws of the state of Delaware. (Declaration of Doug Patrick, attached as **Exhibit 2, ¶ 4**). Whole Foods headquarters and principal place of business are located within the State of Texas. *See id*.

11. Thus, complete diversity is satisfied because Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware and Texas.

### *Amount in Controversy*

12. To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). "[T]he removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands... [t]he demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Defendant is "not required to establish with overwhelming evidence the precise amount in controversy." *Espinosa v. Philip Morris USA, Inc.*, 2007 U.S. Dist. LEXIS 21135 at *6 (N.D. Ill. March 26, 2007).

13. Plaintiff's Complaint lists alleged damages of lost wages, emotional distress and humiliation, and punitive damages.

14. Plaintiff's Complaint lists the amount of damages claimed as $1,000,000,000.

15. Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, diversity jurisdiction is satisfied, and removal is proper.

## *Federal Question*

16.     Further, though not necessary, there is an alternative basis for removal, namely, federal question jurisdiction.  Plaintiff alleges discrimination and harassment based on race.  While it is unspecified whether Plaintiff seeks to invoke federal anti-discrimination laws, he makes reference to ". . . violating federal and state laws . . ."  Plaintiff further makes a reference to ". . . filing a complaint to the Equal Employment Opportunity Commission . . ."   As such, Plaintiff may be alleging violation of federal anti-discrimination statutes, such as 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S. C.§ 2000e et seq.

## *Compliance With Procedural Requirements*

17.     Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Justin M. Guzman, as required by 28 U.S.C. § 1446(d), at 672 Timpani Place, Volo, Illinois, 60073.

18.     A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County, Law Division. Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing of Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County, as required by 28 U.S.C. § 1446(d).

19.     Whole Foods files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant Whole Foods Market Group, Inc. hereby removes this Action from the Circuit Court of Cook County, Law Division, to this Court, and request this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed.

*[signature to follow on next page]*

Dated: January 2, 2024

Respectfully submitted,

WHOLE FOODS MARKET, INC.

_/s/ Erin E. Karnig_
One of Its Attorneys

David Haase, Bar No. 6201278
dhaase@littler.com
Erin E. Karnig, Bar No.  6342383
ekarnig@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
Telephone:     312.372.5520
Facsimile:     312.372.7880

_Attorneys for Defendant_

5

## <u>CERTIFICATE OF SERVICE</u>

I, Erin Karnig, an attorney, certify that on January 2, 2024, I caused a true and correct copy of the foregoing document to be filed electronically with the Clerk of the Court, using the Court's CM/ECF system, which served a copy upon the following:

Justin M. Guzman
672 Timpani Place
Volo, Illinois 60073
j.guzman8132@gmail.com


*/s/ Erin Karnig*
Erin Karnig

4868-5204-1881.2 / 099817-1194